Affirmed as Modified; Opinion Filed January 31, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-01727-CR

**KIRK MCBRIDE, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 203rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F11-70032-P

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion By Justice Myers

Kirk McBride appeals his conviction for aggravated sexual assault of a child under fourteen years of age. Appellant pleaded nolo contendere to the charge. After finding appellant guilty, the court assessed appellant's punishment at seven years' imprisonment and a $2000 fine. On appeal, appellant brings one point of error contending the trial court erred by failing to allow appellant or his attorney the opportunity to object to the presentence report. We modify the trial court's judgment to show appellant pleaded nolo contendere and to correct the name of appellant's trial attorney, and we affirm the judgment as modified.

Appellant contends the trial court erred by not allowing appellant an opportunity to object

to the presentence report. Appellant acknowledges he did not object to any lack of opportunity at trial. Nor did appellant file a motion for new trial. Before a party can raise an issue on appeal, the party must have objected in the trial court and obtained a ruling on the objection. *See* TEX. R. APP. P. 33.1(a). In this case, appellant did not object to the lack of opportunity to object to the presentence report, so any error is not preserved for appellate review. *Id.*

Moreover, the record shows appellant had opportunities to object to the presentence report. At the conclusion of the guilt phase of the trial, the court found the evidence sufficient to support finding appellant guilty, but the court refrained from finding appellant guilty until it had the opportunity to review a presentence report. At the punishment hearing, before the State's first witness testified, the trial court stated, "For the record, the Court has reviewed the Pre-Sentence Report." The State put on its case, consisting of the victim's father's testimony. When the State rested, appellant presented his case, consisting of his own testimony. Both sides then rested and closed. The parties presented argument to the court before the court found appellant guilty and sentenced him. Appellant could have objected to the report at any time in this hearing, but he failed to do so. We conclude the record does not show appellant lacked an opportunity to object to the report. We overrule appellant's sole point of error.

The trial court's judgment contains two clerical errors. First, it recites appellant pleaded guilty, but the record shows appellant pleaded nolo contendere. Second, appellant's attorney at trial was Tom Grett, but the judgment shows his attorney was "T.Guett." This Court has the power to correct and reform the trial court's judgment to make the record speak the truth when it has the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). On our own motion, we modify the judgment to show appellant pleaded "nolo contendere" to the offense and that appellant's attorney was "T. Grett." *See* TEX. R. APP. P.

43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry*, 813 S.W.2d at 529–30.

We affirm the trial court's judgment as modified.

_____
LANA MYERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47
111727F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KIRK MCBRIDE, Appellant

No. 05-11-01727-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F11-70032-P).
Opinion delivered by Justice Myers, Justices
Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows: The section entitled "Attorney for Defendant" is **MODIFIED** to show "T. Grett"; the section entitled "Plea to Offense" is **MODIFIED** to show "Nolo Contendere."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered January 31, 2013.

_____
LANA MYERS
JUSTICE